PARRETT TRACTOR COMPANY *v.* BROWNFIEL.

## Opinion delivered July 11, 1921.

1. PRINCIPAL AND AGENT—IMPLIED AUTHORITY TO GIVE WARRANTY.—It was not error to refuse to tell the jury that it was no part of the implied warranty of a salesman to make a specific warranty, as that question depended upon the facts established by the evidence.

2. SALES—WAIVER OF WARRANTY.—It was not error to refuse an instruction in substance that an unconditional promise to pay the balance of the purchase price of goods with knowledge of a breach of warranty in the sale constitutes a waiver of the breach.

3. SALES—BREACH OF WARRANTY—MEASURE OF DAMAGES.—Where defects in a machine could be corrected by reasonable expenditure, the measure of damages for breach of a warranty in its sale is the expense of curing such defects.

4. EVIDENCE—PAROL EVIDENCE OF WARRANTY IN SALE. — Parol evidence is admissible to prove a warranty in an oral sale of goods.

Appeal from Poinsett Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Arthur L. Adams,* for appellant.

In the absence of express authority, a general agent has no authority to warrant the machine sold. 24 R. C. L. 701, 702, 704.

It was error to refuse to give instruction No. 2. A waiver is implied by a great period of delay. 102 Ark. 442; 29 Am. & Eng. Enc. of Law 1105; 27 R. C. L. 911. Retaining machinery after knowledge of defects without objection constitutes a waiver. 106 Ia. 85, 90, 40 Cyc. 267-8. Subsequent payment, following a breach of condition of performance, is a waiver. 110 Wisc. 11; 55 N. Y. 280. A definite promise to pay following an alleged breach of performance is a waiver. 50 N. Y. App. Div. 38; 30 Am. & Eng. Enc. Law 183.

The court erred in giving instruction 6 of its own motion and in refusing plaintiff's No. 5. 83 Ark. 283; Sutherland, Dam. §672.

The verdict was not supported by evidence. 70 Ark. 385; 107 Ark. 158.

McCulloch, C. J.    Appellant sold and delivered to appellees a tractor for the sum and price of $1675, of which $1,000 was paid in cash and a promissory note for $675, dated April 18, 1918, due December 1, 1918, was duly executed by appellees to appellant. This is an action instituted by appellant against appellees to recover the amount of the note. There was an answer and counterclaim filed by appellees in which they alleged that there had been an express warranty of the quality of the machine sold to them by appellant and a breach of the warranty, whereby appellees suffered damages in the sum of $1675.

On a trial of the issues before a jury, J. W. Brownfiel, one of the appellees, testified that he and his son purchased the tractor from appellant's agent, and that the latter, in an oral contract, warranted said tractor to be of sufficient quality and capacity to do ordinary farm work, such as is commonly done in the use of that kind of a machine on a farm. The evidence of that witness and others tended to show that the tractor was not of that quality or capacity, and that appellees spent large sums of money in putting the tractor in condition to do the work which it was warranted to do. Appellee J. W. Brownfiel testified that he spent $600 on the tractor in order to make it do the work, and that that was not sufficient to put it in good order. There was other testimony as to the defects of the tractor and the amount of work necessary to put it in order. The testimony also tended to show that appellant was notified of the defects and sent an inspector to look at the machine. On the cross-examination of J. W. Brownfiel, he stated that, after his trouble in trying to make the machine work and after appellant's agent and inspector had failed to make it work properly, he had written to appellant a letter in May, 1919, in which he promised to pay the note given for the balance of the purchase price. The let-

ter was exhibited in evidence and contained the statement that the writer would pay the note or most of it in the month of July. Brownfiel, in explanation of this letter, stated that he had intended to pay for the tractor if appellant would make it work properly. There was a verdict in favor of appellees for the recovery of damages in the precise amount of the note and interest, and the court rendered judgment off-setting the amount of damages found against the amount of the note sued on and adjudged that appellant recover nothing in the action.

The principal assignments of error relate to the rulings of the court in the giving and refusing of instructions. The first contention is that the court erred in refusing to give an instruction which would have told the jury that it was "not a part of the implied authority of the agent to make any specific warranty." The court was correct in refusing to give this instruction, for it should not have been said, as a matter of law, that there was no implied authority on the part of the agent to warrant the goods sold. That depended upon the facts established by the evidence.

It is next insisted that the court erred in refusing to give the following instruction: "2. Even though you may find that said tractor was unsatisfactory in that it would not do the work for which it was purchased, and though you further find that there was a specific warranty or guaranty that it would perform said work or that it would fulfill other conditions, which said warranty or guaranty was not met, if you further find that the defendants, or either of them, made a new and definite promise to pay the amount originally agreed upon, they thereby waived any and all defenses accruing prior to such subsequent promise and are liable in the amount sued for; unless you further find that the plaintiff, after such subsequent promise of defendants, if any, renewed the original guaranty or made some fur-

ther or other promise or agreement regarding said tractor with which they failed to comply."

The substance of the declaration contained in this instruction is that an unconditional promise to pay the balance of the purchase price with the knowledge of the breach of the warranty constitutes a waiver of the breach. This is but another way of saying that a reaffirmance of the sale after the breach of the warranty constitutes a waiver. Such is not the law. This court held in the case of *Plant* v. *Condit*, 22 Ark. 454, that where there is a breach of an express warranty, the vendee may rescind the contract, or he may affirm the contract, keep the property, and, when sued for the price, set up the false warranty by way of recoupment. This doctrine was again reiterated in the case of *Weed* v. *Dyer*, 53 Ark., 155, where the court said: "Acceptance of the goods, when the buyer knows that their quality is inferior to that warranted, implies an agreement to take them, notwithstanding the defect, and waives the right to reject them, but does not waive the right to a reduction when sued for the price." Again the court said: "In most cases, the buyer, when he discovers that the quality of the goods is inferior to that warranted, would feel impelled by a sense of right and fair dealing to notify the seller of the fact (1) that he might satisfy himself of its existence, (2) that he might cure it. But in many cases this course might be found impracticable or even impossible; and, while the failure might be a circumstance for the jury to consider in ascertaining if there was in fact a breach of warranty, it could not defeat the recoupment if the breach was proved. How far such failure would weigh with a jury would vary with the circumstances of each case, and in all cases, be a matter for their determination."

In the very recent case of *Courtesy Flour Company* v. *Westbrook*, 146 Ark. 17, we said: "The law on the subject is that, where chattels are purchased under express warranty as to quality, the purchaser may rescind

on discovering the inferior quality of the article sold, but is not bound to do so, and, on the contrary, may retain the articles purchased and sue on the warranty, or recoup the damages when sued for the price."

Now, if the retention of the article after discovery of the breach of the warranty does not operate as a waiver of the breach, it follows that the promise to pay the debt does not constitute a waiver. The purchaser having the right to elect either to rescind on account of the breach or to retain the articles and sue for damages resulting from the breach, he is liable for payment of the price upon his election to retain the articles, but is entitled to a reduction to the extent of the amount of damages resulting from the breach. So the purchaser, being liable for the price on his election to retain the property, does not waive the breach by promising unconditionally to pay it. It is, of course, as indicated by this court in *Weed* v. *Dyer, supra,* a circumstance for the jury to consider whether or not there has been a breach, but the promise does not, as a matter of law, operate as a waiver. The weight of this circumstance is, of course, affected by any explanation of the circumstance under which the promise is made, and it becomes a question of fact for the jury to determine whether there has been a breach of the warranty. We are of the opinion, therefore, that the court was correct in refusing to give this instruction. Another refused instruction stated, in substance, that if appellant was induced to defer action on the note by a promise of appellee's to pay the debt at a future date, such promise constituted a waiver of the alleged breach of warranty. The instruction is open to the same objection stated above in regard to the other instruction, and there was no error in refusing it.

The next two assignments relate to the rulings of the court in giving instruction number 6 of its own motion and refusing to give instruction number 5 requested by appellant, which would have told the jury that "the

measure of damages for such breach is the difference between the actual value of the property at the time of the sale and what its value would have been if it had conformed to the warranty, with interest upon such sum." Instruction number 6 given by the court reads as follows: "If you find there was a guaranty and a breach of it upon the part of the company, and the defendants were damaged, then you will reduce your finding in the amount you find they have been damaged."

The court had previously told the jury in another instruction that the execution of the note was undisputed, and that the jury should find for the appellant for the amount of the note and interest. The contention is that the court, in giving instruction number 6, failed to state the measure of damages, and that there was error in refusing to give instruction number 5. It is true that instruction number 6 given by the court did not undertake to declare the measure of damages. It merely told the jury that they should reduce the finding in favor of appellant to the extent of the damages suffered by appellees by reason of the breach of the contract of warranty. The court should, if asked, have given an instruction defining the measure of damages, but the instruction which appellant requested did not state the correct measure of damages, and therefore the court did not err in refusing to give it. The instruction stated the measure of damages to be the difference between the actual value of the property at the time of the sale and what its value would have been if it had conformed to the warranty. The proof showed that the defects in the machine could be corrected by reasonable expenditure, and the correct measure of damages was the expense of curing the defects. *Western Cabinet & Fix. Mfg. Co.* v. *Davis,* 121 Ark. 370. The court was not bound to give an instruction unless a correct one was asked, and appellant is in no attitude to complain of the court's failure to define the measure of damages, in-

asmuch as it did not ask for a correct instruction on that subject.

It is also contended that the testimony tended to establish an oral warranty and was inadmissible. There was no written contract of sale. The note executed by appellees containing a reservation of title as security for the price did not constitute a contract evidencing the terms of sale. Appellant relies on the recent case of *Federal Truck & Motor Co.* v. *Tompkins*, 149 Ark. 664, but in that case there was a written contract of sale which we held could not be waived by parol proof of a warranty. It was therefore not improper to admit oral testimony as to the express warranty.

It is also contended that the evidence was not sufficient to sustain the verdict, but our conclusion is that there was sufficient evidence.

The judgment is therefore affirmed.