FIRST NATIONAL BANK OF MINNEAPOLIS *v.* MALVERN.

Opinion delivered October 18, 1926.

1.  SALES—BREACH OF WARRANTY.—In an action on notes given for a tractor, in which there was evidence tending to establish the defense of a breach of warranty, it was not error to refuse to instruct the jury to find for plaintiff for the full amount of the notes, instead of allowing credit for any damages caused by such breach of warranty.

2.  EVIDENCE—ADMISSIBILITY OF PAROL EVIDENCE.—In an action on notes given for a tractor, in which plaintiff contended that the letter of acceptance showed either that it conformed to the warranty or that the warranty was waived, representations of the seller's agent that the tractor would do the work after it limbered up was admissible to show the circumstances under which the letter was written and that the warranty was not waived.

3.  SALES—REMEDIES OF BUYER.—The buyer of a tractor which did not conform to the warranty could retain it, and, when sued for the balance of the purchase money, recoup the damages resulting from the breach of warranty.

4.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict will not be disturbed on appeal because it allows excessive interest if the evidence supports the verdict, and a finding on conflicting

evidence as to the amount of damages is conclusive if the sum found does not exceed the highest award supported by testimony.

5. APPEAL AND ERROR—EXCESSIVE JUDGMENT—REDUCTION OF AMOUNT. —In an action on notes given for a tractor, where recoupment allowed for breach of warranty was for an excessive amount, damages will be reduced and judgment rendered accordingly.

Appeal from Hot Spring Circuit Court; *Thomas E. Toler*, Judge; reversed.

*Coleman & Riddick* and *Frank E. Chowning*, for appellant.

*John L. McClellan*, for appellee.

Smith, J. Appellant brought suit against the city of Malvern upon three notes executed by the city in favor of Kinnard & Sons Manufacturing Company, hereinafter referred to as the company. The notes represented a part of the purchase price of a tractor purchased by the city from the company. At the trial a verdict and judgment were rendered in favor of the city, from which the plaintiff bank has appealed.

The tractor was purchased by the city under what was called a "demonstration order," under which the tractor was to be tested and tried to ascertain if it met the warranty under which it had been sold. This warranty was in writing, and was to the effect that the company warranted that the tractor was made of good material, and, when in good order and properly operated, would do the work for which it was reasonably intended, the work being "to operate successfully a Russell Standard grader and scarifier on the streets of the city of Malvern." The company also agreed to replace, free of charge f. o. b. factory, any parts which might be broken in regular and practical use by reason of defective material or workmanship, within a period of one year from date of purchase.

The scarifier was used to loosen and tear up the surface of the streets, preparatory to regrading and repairing them, and the Russell scarifier had nine prongs or teeth for this purpose.

The tractor was delivered, and a demonstration test was made by one Reeder, agent of the company, in the presence of a committee of the city council and the city's street commissioner. The tractor would not pull the scarifier until six of its nine teeth had been removed, but the agent stated that it would pull the scarifier with all of the teeth in place when the tractor was limbered up.

Thereupon the city paid the sum of $500 cash to the company and executed the three notes sued on, two of them being for $425 each and the third for $400. The street committee of the city council and the street commissioner also executed a certificate to the effect that the tractor had been tried, found satisfactory, and accepted by the city. This certificate was dated March 18, 1920, the day the test was made.

The undisputed testimony shows that the tractor would not at any time pull the scarifier unless most of the teeth were removed, and the removal of the teeth destroyed largely the efficiency of the scarifier. The testimony also showed that, when the scarifier was operated with only three teeth, there was constant trouble with the tractor, and frequent repairs were required.

The city defended upon the ground that the warranty under which the tractor had been sold was breached, and it sought to recoup damages for this breach, which, it alleged, were greater than the balance of the unpaid purchase money.

The first assignment of error is that the court erred in refusing to give instruction numbered 1, requested by the plaintiff, which, if given, would have directed the jury to find for the plaintiff the full value of the notes sued on.

No error was committed in refusing to give this instruction. Under the issues joined, the plaintiff would have been entitled to an instruction telling the jury to find for the plaintiff for the amount of the notes, less the credit, if any, allowed as damages; but the instruction requested did not do this, and, as no correct instruction was asked on the right of the plaintiff to recover the

amount of the notes, less the damages, appellant is in no position to complain of the refusal of the court to give its instruction numbered 1.

It is insisted that error was committed in permitting the city to prove the representations made by the company's agent that the tractor would do the work after it had been limbered up, inasmuch as there was an express written warranty which could not be enlarged by parol testimony.

Under the issues joined we think this testimony was not incompetent. The plaintiff contended that the written letter of acceptance of the tractor, after it had been tested, showed either that the tractor conformed to the warranty or that the warranty was expressly waived. The testimony was competent therefore to show the circumstances under which and the purpose for which the letter of acceptance was written. This testimony does not engraft an additional warranty upon the contract of sale. It merely shows that the warranty was not waived.

The case was tried upon the theory that, while the city might have repudiated the purchase of the tractor upon ascertaining that it did not conform to the warranty under which it was sold, it had the right to retain the tractor and, when sued for the balance of purchase money, to recoup against this demand the damages resulting from the breach of warranty. This is the law, and we think the instructions given so declared the law, although one or more of the instructions were not as clear as they might have been, but no specific objections were made. *Parrett Tractor Co.* v. *Brownfiel,* 149 Ark. 566, 233 S. W. 706.

We are of the opinion that the question of damages was fairly and properly submitted to the jury, and that no error was committed in the admission of testimony, and we would therefore affirm the judgment, were we not also convinced that the verdict of the jury allowed damages in an excessive amount.

It will appear from what we have said that the suit was, in effect, one for damages for breach of warranty,

as the liability of the city is undisputed, and it sought to discharge that liability by recouping damages. The verdict of the jury was for the city, thus indicating that the damages were assessed in a sum equal to the unpaid purchase money.

The testimony shows that three persons used the tractor, these being A. I. Posey, Keith Rutherford, and F. B. Medford, the latter being the street commissioner at the time the tractor was purchased, and the person who had made the largest use of it. The undisputed testimony shows that the tractor would not pull the scarifier as warranted, and that, even when the scarifier was used with less than the full number of teeth, it was still unsatisfactory, and that considerable expense was entailed in attempting to use the tractor in dragging the scarifier at all, but no complaint appears to have been made to the company of this fact, although it was shown that complaint was made on two occasions to Reeder, the salesman who demonstrated the tractor, the last being after Reeder had severed his connection with the company.

But, while the testimony shows an unsatisfactory use of the tractor in connection with the scarifier, and that it did not otherwise comply with the warranty, it is also shown by the testimony that the city made large use of the tractor in connection with the grader, and that it had substantial value.

The deposition of Medford, who had ceased to be street commissioner and had removed from the city, was taken and offered in evidence by the city. In this deposition Medford found many faults with the tractor, especially when used in connection with the scarifier, but he admitted writing a letter to the company on December 8, 1921, which was more than a year and a half after the tractor had been delivered, in which he ordered certain new parts, and, in identifying the tractor so that the order might be properly filled, he stated: ''We have one of your Flour City tractors of the smaller type, with which we have been able to do a wonderful lot of street work,''

and he admitted in his deposition that this statement was true when the tractor was used for light work.

Posey admitted that the tractor would handle the scarifier reasonably well with three teeth, but, even then, they had trouble with it when used for that purpose, and that he was able to make as much use of the tractor as he did only because he was himself a good mechanic and was constantly adjusting and repairing it, and that, had he not been a mechanic, it would have been necessary to have carried a mechanic along to use the tractor at all.

The witness Rutherford was asked what the tractor was worth compared with what it would have been worth if it had done the work that the contract of sale guaranteed that it would do, and he answered, not over a third. If, however, we take the answer of this witness as the basis on which the jury computed the damages, the fact remains that excessive damages were allowed. The purchase price of the tractor was $1,750, and the city had paid only $500, so that, if the city were allowed to recoup as damages two-thirds of the purchase price, the company would still have been entitled to a judgment of one-third of the purchase price, which it $83.33 more than the sum which the city had paid.

A verdict will not be disturbed on appeal upon the ground that excessive damages were allowed if there was evidence to support the verdict (*St. L. I. M. & S. R. Co.* v. *Spann*, 57 Ark. 127, 20 S. W. 914), and a finding upon contradictory evidence as to the amount of damages is conclusive on appeal, provided the sum found as damages does not exceed the highest award supported by any of the testimony. *Glasscock* v. *National Box Co.*, 104 Ark. 154, 148 S. W. 248; *St. L. Sw. Ry. Co.* v. *Overton*, 114 Ark. 98, 169 S. W. 364.

We think, when the testimony is viewed in the light most favorable to appellee, there was no testimony supporting a larger award of damages than does the testimony of Rutherford, and therefore damages could not be allowed in a sum exceeding the amount shown by his testimony.

This appears to be the only error in the record, and it may be cured by reducing the damages to a sum not greater than that sustained by Rutherford's testimony, and this error will be cured by such reduction, and the company will therefore be awarded judgment here for $83.33. *Collier Commission Co.* v. *Wright,* 165 Ark. 338, 264 S. W. 942; *Kansas City Southern Ry. Co.* v. *Leinen,* 144 Ark. 454, 223 S. W. 1.