HALL v. MAGRUDER

Opinion delivered November 14, 1927.

TRIAL—INSTRUCTION IGNORING CLAIM OF RECOUPMENT.—Where defendant was sued on a note given for the purchase price of an oil and gas agency, and defended on the ground of fraud, an instruction that, if defendant made a part payment on the note after knowledge of the fraud, the finding should be for plaintiff, was erroneous as ignoring the defendant's right to affirm and claim damages by way of recoupment.

Appeal from Randolph Circuit Court; *John C. Ash-ley*, Judge; reversed.

*Walter L. Pope* and *John L. Bledsoe*, for appellant.

*George M. Booth, E. Newton Ellis* and *Schoonover & Schoonover*, for appellee.

HUMPHREYS, J.  Appellee brought this suit against appellants in the circuit court of Randolph County for a balance of $1,765 and interest alleged to be due upon a note executed by them to her on February 9, 1924.

Appellants filed an answer to the complaint, admitting the execution of the note in part payment for an agency to sell gas and oil products for the Pierce Petroleum Corporation, but denying additional liability thereon, upon the ground that she procured the note from them through the following fraudulent misrepresentations:  (1)  That she had an agency with the Pierce Petroleum Corporation to sell its oil and gas in certain territory in Randolph and Clay counties, in this State. (2) That she earned commissions on the sale of said products in the sum of $500 per month.  (3)  That she had no overhead expenses.  (4)  That the corporation paid the freight on said products shipped to the agents.

The cause was submitted on the pleadings, the testimony adduced at the trial, and the instructions of the court, which resulted in a verdict and consequent judgment against appellants for $2,131.90, from which is this appeal.

Appellee had been the agent at Pocahontas for a number of years for the Pierce Petroleum Corporation and had built up a gas and oil business.  As compensation she received a commission upon her sales.  Several parties wanted to purchase her agency, among them appellant, Kern L. Hall.  He agreed to pay her $2,000 if she would procure the agency for him.  Pursuant to the agreement they came to Little Rock, and she resigned and he was appointed, receiving a contract from the corporation like the one she had.  He paid her $135 and, when they returned to Pocahontas, he executed a note for $1,865 covering the balance of the purchase money

for the agency, which was signed by his mother, Mrs. Flora A. Hall, as surety. The note was due twelve months after date. He was then checked in as its agent by the corporation, and operated the agency until October 23, 1925, at which time he was discharged as a result of a disagreement. In April, 1924, after operating the agency over two months, he voluntarily paid $100 on the note. The testimony responsive to the issue of fraud in the procurement of the note was conflicting. In submitting the issue of fraud to the jury the court also gave the following instruction, over the objection and exception of appellants:

"If you find at the time, or prior to the time, the $100 payment was made on the note by defendant, that said defendant, Kern L. Hall, knew, or should have known, of the alleged fraud practiced upon him, such $100 payment would amount to a ratification of the contract, and you should find for the plaintiff."

Appellants insist that this instruction was inherently wrong, because it ignored their right to affirm the contract and claim damages by way of recoupment when sued for the purchase price of the agency. This was an established agency, and, although appellee had no express authority to assign her written contract, the corporation recognized her right to choose her successor, by and with its consent. The method adopted was by resignation and appointment of the party she selected and recommended. Under these circumstances we think the transfer and sale of the agency analogous to the sale of property. In sales of property the rule is that the defrauded party can affirm the contract and, when sued for the purchase money, may recoup by way of damages. *Kirby v. Young,* 145 Ark. 507, 224 S. W. 970, 228 S. W. 53; *Ives v. Anderson Engine & Foundry Company,* 173 Ark. 112, 292 S. W. 111. Under this rule it was error for the court to give instruction No. 2. The case should have been sent to the jury upon the issue of fraud alone.

On account of the error in giving said instruction the judgment is reversed, and the cause is remanded for a new trial.