## STEWART v. CLAY

(May 27, 1929.  Opinion and Decree.)

Louis E. Jung, of New Orleans, attorney for plaintiff, appellant.

Soloman S. Goldman, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff is engaged in this city, as a retailer of electrical and gas appliances, plumbing fixtures, stoves, heaters, etc. During August, 1925, he entered into a written contract with defendant under which he agreed to lease to defendant and to install in a residence, which was then under construction, a Heatrola, which is a patented home heater.

Under the contract it was agreed that defendant should pay monthly rentals until a total sum of $175 had been paid, at which time, he should have the right, upon the payment of $1, to purchase the heater.

Both parties now concede that this contract, under the law and jurisprudence of this state, was in reality a contract of sale.

Defendant had made payments totalling $60, when, during December, cold weather having set in, he decided that the heater was unsatisfactory and would not produce the results required of it. He thereupon refused to continue the monthly payments.

Plaintiff sued for the balance stipulated in the contract and defendant, by reconventional demand, asked for the return of the amount paid.

Defendant contends that before he purchased the Heatrola, plaintiff and plaintiff's salesman represented to him that it was capable of heating his home to a uniformly satisfactory temperature, with a variation among the various rooms of not more than from three to five degrees. There was in the contract no stipulation whatever as to the capacity of the heater nor as to its ability to heat to a uniform temperature the building in which it was to be installed, and plaintiff contends that no evidence as to any such representation should be admitted or considered as the contract was in writing and such evidence would tend to vary or contradict it, in violation of the well-known rule against variation or contradiction by parol of written documents.

We cannot agree that the testimony with reference to the warranties as to the capabilities of the heater would tend to vary or contradict the provisions of the written contract because that contract was completely silent with regard thereto. Had it contained any reference to the ability of the heater to heat a certain number of rooms, or to its inability to heat more than a certain number of rooms, it might well be said the testimony as to other warranties would tend to contradict or to vary the terms of the written contract, but, since it was absolutely silent in this regard, it is evident that the contract did not contain the entire agreement between the parties. In fact, plaintiff's attorney, in his brief, makes the following statement:

"The contract in this case is written; there is nothing in said contract as to any guarantee or special warranty; the contract is absolutely silent on the subject."

It has often been held that testimony on a point on which the contract is silent does not tend to vary or contradict the contract. In Davies vs. Bierce, 114 La. 633, 38 So. 488, our Supreme Court said:

"The test of admissibility in such case is whether the evidence offered tends to alter, vary or contradict the written contract, or only to prove an independent, collateral fact about which the written contract is silent. In the former case the testimony is inadmissible; in the latter it is competent and proper."

The testimony as to the warranties and representations convinces us that defendant was led to believe by plaintiff and his salesman and by the various circulars and advertisements, which were given him, that the Heatrola would heat his home to a uniform temperature and satisfactorily to him.

It is not disputed that plaintiff is considered a heating expert, nor is it denied that he recommended the particular heater in question for plaintiff's house. It is also shown that it was installed by him and that he selected the place of its location.

It is manifest that it failed dismally to heat the house to anything resembling a uniform temperature. Tests were made by plaintiff's employees and they show a variation between the various rooms of 24 degrees, one room showed a temperature of 61 degrees, which is certainly much too cold, while another room at the same time, showed a temperature of 85 degrees, which is manifestly much too hot.

Plaintiff further contends that he is not responsible if the heater failed to perform satisfactorily, because he was merely acting as a retail seller of a well-known article of trade, and that his only obligation was to furnish the article properly constructed, with proper material and without inherent defects. This contention might be good had defendant merely called at plaintiff's place of business and ordered a Heatrola, but instead of doing this, he actually left the whole matter to plaintiff, as an expert, and plaintiff selected the heater of the size and type, which he thought proper, and, as we have already said, installed it himself. Since it did not comply with his warranties and representations, he cannot recover the balance of the price and in fact, must return what has been paid to him.

The trial judge came to this conclusion and we think that he was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.