35 So.2d 745

**SAVOIE v. SNELL.**

**In re SNELL.**

**No. 38550.**

April 26, 1948.

McLoughlin & West, of New Orleans, for defendant and appellant.

Carroll Montet, of New Orleans, for plaintiff and appellee.

PONDER, Justice.

We granted a review in this case because we had serious doubts as to the authority of the Court of Appeal to grant the plaintiff both the rescission of the sale and damages under the Emergency Price Control Act of

Congress, 50 U.S.C.A.Appendix, § 901 et seq.

The defendant sold the plaintiff an automobile for $581.75 with warranty for the maximum ceiling price for the automobile if it were in good running condition. It appears that the block of the engine was cracked at the time it was sold to the plaintiff, which defect was not known to the seller at the time it was sold. The ceiling price for the automobile in its actual condition at that time was, as is, or nonwarranted, $461.00 or, in other words, $115.00 less than the amount paid for it by the purchaser.

The articles of the Revised Civil Code pertinent to a disposition of this case are as follows:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." Article 2520.

"A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase." Article 2529.

"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits,

which the purchaser has drawn from it, be sufficient to satisfy those expenses." Article 2531.

■ The judgment of the Court of Appeal insofar as it ordered a rescission of the sale is entirely correct for the reason that the seller warrants the thing sold, unless the warranty is expressly waived, to be fit for the purpose intended. An automobile, whether second-handed or not, is not fit for the purpose intended if it is not in running condition. Crawford v. Abbott Automobile Company, 157 La. 59, 101 So. 871.

■ An action for nullity or rescission of a contract lies only for an alleged vice in the contract itself, tainting it ab initio. George v. Lewis, 11 La.Ann. 654. The redhibitory action as defined by Article 2520 of the Revised Civil Code is one of rescission. It destroys the very existence of contract from the beginning. From a mere reading of the aforementioned articles of the Revised Civil Code and especially Article 2531, the liabilities of the seller is fixed and the seller is only bound to restore the price, reimburse the expenses occasioned by the sale, and reimburse the expenses incurred for the preservation of the thing.

■ As we take it, the overcharge of this automobile was brought about by the seller's good faith, believing the automobile to be in good running condition. In fact, the seller warranted it to that effect. It was only after the sale that the defect or vice was ascertained and the automobile was found to be practically worthless. In order for the defendant to recover under the Emergency Price Control Act, it would have to be under the contract. Since the sale has been rescinded there could be no damages awarded under the contract for the reason that the contract is avoided.

We have examined the Emergency Price Control Act·and find nothing that would conflict with our findings and no authority has been pointed out to the contrary.

■ Article 2531 of the Revised Civil Code fixes the liability of a seller in good faith, and no other or additional relief could be granted. To grant additional relief would violate the spirit and text of the codal article which is designed to place the parties, as near as practical, in the same position they were before the sale was consummated. The judgment of the Court of Appeal, insofar as it awards the defendant $115.00 damages for the overcharge, and $50.00 attorney's fees under the Emergency Price Control Act of Congress, must be set aside.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is amended so as to reject the award of $115.00 and $50.00, for overcharge and attorney's fees; and as thus amended, the judgment is affirmed. The costs of the proceedings in this Court are to be paid by the plaintiff, appellee.