## CONTAINER CORP. OF AMERICA v. SUPERIOR RICE MILLING CO.

### Civ. A. 2462.

United States District Court
W. D. Louisiana, Opelousas Division.

June 5, 1951.

Dubuisson & Dubuisson, Opelousas, La., for plaintiff.

Andrus & Thistlethwaite, Opelousas, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff demands payment for certain one-pound pasteboard cartons and the container boxes for packing and shipping milled rice.

Defendant admits ordering the number of cartons that plaintiff alleges, but avers it was done under circumstances and conditions which were never met, and reconvenes for storage upon this unused merchandise.

The case was tried upon issues of fact as to whether the cartons could be rapidly filled with a pound of rice within permissible variations and closed on a moving belt; and further whether the container boxes could with the same facility be packed with forty-eight of the cartons for shipment. At the conclusion of the testimony, the case was continued, and at the suggestion of the Court, opposing counsel selected an expert or person supposedly qualified to make the tests with the cartons and con-

tainers. After some weeks, the latter reported to the Court that a substantial part of the cartons and containers could not be successfully and profitably used. At a later date, the Court, counsel and this expert, together with a representative from the plaintiff's factory, repaired to defendant's rice mill, where several tests were made, first by the expert, and then by the factory representative. Those made by the former were not reasonably satisfactory, but when the factory representative took over, his skill, training and special method of operating were such as to enable him to fill the cartons and to get them into the containers.

■ When the original order was given, it was agreed that the plaintiff should furnish cartons and containers for satisfactorily packing and shipping a peculiar type of long-grain rice which the defendant specified. According to the agreement, one hundred pounds of this rice were shipped by defendant to the manufacturer of the machine for packaging the rice which defendant was purchasing. It was understood that plaintiff should also send to the same machine maker samples of its cartons and containers for testing to see if they would fit said machine. This plaintiff did not do, but shipped all of their merchandise to defendant, thus taking the chance of successful and satisfactory operation. It is admitted in the complaint that the containers for the two-pound packages were not satisfactory, and a credit of something in excess of $1100 was conceded on the total invoice. In an effort to use the cartons and containers, defendant, at its own expense, installed an agitator to shake down the rice in the cartons. However, the evidence supports the conclusion this did not cure the trouble.

■ Therefore, without going into detailed discussion of this evidence, after careful consideration of the whole case, I am convinced that the cartons and containers did not meet the needs of defendant's business for which they were ordered, which the plaintiff in effect guaranteed they would do. Under the Louisiana Civil Code, even a completed sale of personal property may be set aside for vices which, if known to the purchaser, the transaction would not have been made. Article 2520, La. Civil Code of 1870; Savoie v. Snell, 213 La. 823, 85 So.2d 745; Bonnette v. Ponthieux, La.App., 41 So.2d 127; Levy v. Ebeyer Winteler, 3 La.App. 501. It must be assumed that the defendant in ordering these cartons and containers intended to use the usual and ordinary type of labor, which is employed for such purposes, and could not be expected to engage experts of the type of the factory representative.

For the reasons stated, the demand should be rejected.

■ There was no contradiction of defendant's proof that the cartons and containers occupied space equivalent to that required for the storage of 600 bags of rice. Defendant's counterclaim for storage is the sum of $400. The evidence establishes that in 1947 the season rate was 40% per bag, or some $240 for 600 bags of rice. These cartons and containers have been in the defendant's premises since they were received in 1947, and at the rate stated the storage would greatly exceed that claimed. The defendant is entitled to recover on its reconventional demand.

Proper decree should be presented.