173 So.2d 50 (1965)
LESON CHEVROLET COMPANY, Inc.
v.
Percy J. BARBIER.
No. 1722.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
Rehearing Denied April 5, 1965.
*51 Hattier, Schroeder & Kuntz, John B. Hattier, New Orleans, for plaintiff-appellant.
George T. Oubre, Norco, for defendant-appellee.
Before REGAN, SAMUEL, and HALL, JJ.
SAMUEL, Judge.
Plaintiff, as the holder for value of a promissory note and chattel mortgage executed by the defendant, originally instituted this suit thereon as an executory proceeding. It was converted by the trial court (there is some question as to the propriety of the conversion but neither litigant made or makes any objection thereto) into an ordinary proceeding and thereafter defendant answered, pleading want or failure of consideration as a result of a redhibitory vice, and reconvened for damages. There was judgment in the trial court dismissing both the main and reconventional demands and plaintiff has appealed therefrom.
The record reveals the following essential facts: During January of 1962 plaintiff, an automotive dealer, sold a used 1958 Chevrolet automobile to the defendant. As part of the purchase price defendant gave plaintiff his promissory note, payable in monthly installments, in the total amount of $947.52 and a chattel mortgage on the car. At the time this suit was filed the note was past due and exigible and defendant had made no payments thereon either in principal or interest. Approximately two weeks after receiving delivery of the car defendant discovered it had a cracked engine block and reported the same to plaintiff's employees. Discussions relative to repairing the car, which plaintiff offered to do, produced *52 no result and plaintiff filed this suit on July 2, 1962. The case was tried on the merits on January 31 and February 3 of 1964. For a period of between five and six months from the date of discovery of the defect by defendant to the date of the filing of this suit, and for an additional period of approximately eighteen months after filing of suit to the date of trial, the car was used almost daily by defendant and his wife, both of whom testified that there was a considerable leakage of water, the radiator had to be refilled frequently and the trips taken necessarily were short ones. However, their testimony, particularly that of the wife, contains admissions that they had made at least five trips in the car to Crowley, Louisiana, a distance each way of approximately 160 miles. Defendant had some minor work done on the car (the bill therefor is approximately $40) which he claims was necessitated by its condition, other than the defective block, before the sale and more extensive repairs were made on one occasion as the result of an accident, but the defective block has never been repaired nor did defendant have the cost thereof estimated. The record contains no competent evidence as to that cost.
There is some question about the sufficiency of proof, the burden of which was on the defendant under LSA-Civil Code, Article 2530, of the fact that the engine block was cracked before the sale was made; the point is vigorously contested and from our examination of the record we are of the opinion that plaintiff did not know of the defect at the time it made the sale. But the trial judge found the defect existed at the time defendant purchased the car and, as there is sufficient evidence in the record to support such a conclusion, we accept that finding of fact.
The cracked engine block in the instant case is a redhibitory vice within the meaning of the codal provisions; it rendered the use of the automobile so inconvenient and imperfect that defendant would not have purchased the car had he known of the defect. LSA-C.C. Art. 2520; see Savoie v. Snell, 213 La. 823, 35 So.2d 745. And the consideration for the note given as part of the purchase price having been destroyed by the defect, defendant's plea of failure of consideration properly can be urged in defense of this suit on the note. Bartolotta v. Gambino, La.App., 78 So.2d 208.
However, under our settled jurisprudence a buyer's continued use of a purchased article after he discovers its defective condition bars an avoidance of the sale for redhibition and relegates such a buyer to a reduction of the purchase price. Abraham v. Dalworth Machinery Company, La.App., 167 So.2d 185 and cases cited therein. The burden of establishing the amount of any reduction to which he is entitled is upon the buyer. See Coco v. Mack Motor Truck Corp., 235 La. 1095, 106 So.2d 691; Papa v. Louisiana Metal Awning Company, La.App., 131 So.2d 114; Loeb v. Nielson, La.App., 128 So.2d 447.
Here the defendant stands in no better position than would be the case if he were the plaintiff in a suit seeking avoidance of the sale for redhibition. He used the automobile almost daily for approximately two years after discovering the defect and therefore can obtain only a reduction of the purchase price. As there is no defense other than want or failure of consideration based only on the redhibitory defect, plaintiff is entitled to a judgment for the principal amount of the note upon which it sues, less the amount of the reduction of purchase price, together with attorney's fees as provided in the note and interest as prayed for in plaintiff's brief in this court. The amount of the reduction in price cannot be ascertained from the record as it now stands and we believe it proper to remand the matter to the trial court for a determination of that amount after a hearing thereon.
For the reasons assigned, the judgment appealed from is annulled and set aside *53 and the case is remanded to the 29th Judicial District Court for the Parish of St. Charles for further proceedings consistent with the views herein expressed and according to law and for the limited purposes of: (1) determining the amount of the reduction of purchase price to which the defendant is entitled; and (2) rendering judgment in favor of the plaintiff and against the defendant in the full sum of $947.52, less the amount of reduction of purchase price so determined, together with legal interest thereon from date of judicial demand until paid and for 25% attorney's fees; defendant-appellee to pay costs of this appeal, all other costs to await a final determination.
Annulled, set aside and remanded.