ERVAN MATTESON, *vs.* HERVE J. LAGACE.

MARCH 11, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Contracts. Sales. Implied Warranties.* -

Where a boiler was sold under its trade name "1-5-28-5 section Ideal Sectional Boiler," although the vendee contracted for the boiler to be used for a particular purpose made known to the vendor, and in so doing relied upon the knowledge and skill of the vendor, there is no implied warranty of the fitness of the boiler for that particular purpose, since par. 4 of cap. 261, § 15, Gen. Laws, 1909, amounts to a proviso-limiting the provisions of par. 1 of said section.

MECHANIC'S LIEN.  Heard on appeal of petitioner and sustained.

SWEETLAND, J.  This is a petition to enforce a mechanic's lien.  The case is before us on the appeal of the petitioner from the decree of the Superior Court dismissing the petition.

It appears in the transcript of the evidence taken before the Superior Court that in November, 1910, the respondent was the owner of a skating rink located in the town of Warwick and that the petitioner conducted the business of a plumber and steam fitter in the adjoining town of Coventry; that at that time the petitioner undertook to install a steam heating plant in the respondent's skating rink and by written contract the parties agreed as to the materials and labor to be furnished by the petitioner in doing the work and as to the price to be paid by the respondent.  The boiler to be installed under this contract was "1-5-28-5 section Ideal Sectional Boiler."  The respondent does not deny that a boiler of that size, type and name was installed by the petitioner, and that the other materials and the amount of labor specified in the contract were furnished by the petitioner.

In the Superior Court the respondent claimed that the lien should not be enforced, as the steam heating plant in question was entirely inadequate for the purpose of properly heating said skating rink.  This was not denied by the petitioner; and the petitioner's expert witness testified that the boiler installed was insufficient for the service required and was two sizes too small.  The testimony of the parties, admitted and considered by the Superior Court, as to the circumstances surrounding the making of said contract, was contradictory; but, although denied by the petitioner, the court found that the respondent was without experience to assist him in the selection of a suitable boiler; that he relied entirely upon the knowledge and skill of the petitioner in making the contract in question and that this was known to the petitioner.  From these circumstances the court held

that there was a warranty implied in law that the boiler and the steam heating plant in question should be suitable for the purposes for which it was installed; that there had been a breach of this implied warranty; and that the petition for a lien should be dismissed.

This court has said in a number of cases that findings of fact by a justice of the Superior Court, who heard and saw the witnesses, are entitled to great weight and will not be disturbed by this court unless it clearly appears that such findings are erroneous. In this case we shall consider the law which appears to us to be applicable to the fact found by said justice, namely; that in making said contract the respondent to the knowledge of the petitioner, relied upon the judgment and skill of the petitioner.

In the previous consideration of this case certain statutory provisions with regard to implied warranties appear to have been overlooked. Gen. Laws, 1909, Title XXVII, Chapter 261, § 15, among other things provides as follows: "Section 15. Subject to the provisions of this title and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1)  Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."  . . .

"(4)  In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

(1)     The boiler, provided for in said contract, the insufficiency of which appears, without dispute, to have caused the condition complained of by the respondent, was sold under its trade name, "1-5-28-5 section Ideal Sectional Boiler."

The question before us is whether the contract between

the parties shall be governed by the paragraph numbered (1) or the paragraph numbered (4) in said section. The section of our statutes referred to appears to have been derived from, and to be nearly identical in language and legal effect with similar provisions of the English "Sale of Goods Acts," 1893, 56 & 57 Vict. c. 71, 14, save that in the English act the paragraph numbered (4) in our statute appears as a proviso to a paragraph nearly identical with the paragraph numbered (1) in our statute. The English act in this particular being as follows: "(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, so as to show that the buyer relies on the seller's skill or judgment, and the goods are of a description which it is in the course of the seller's business to supply (whether he be the manufacturer or not), there is an implied condition that the goods shall be reasonably fit for such purpose, provided that in the case of a contract for the sale of a specified article under its patent or other trade name, there is no implied condition as to its fitness for any particular purpose." Under the English act it would be clear that although the respondent here had contracted for the boiler in question, to be used for a particular purpose made known to the petitioner, and had contracted in reliance on the skill and judgment of the petitioner, still there would be no implied warranty of the fitness of the boiler for the particular purpose for which it was to be installed.

The legal effect of these provisions as they are placed in the Rhode Island Statute, so far as they relate to the circumstances of the case at bar, are not so plain. However, notwithstanding the language of paragraph (1), we are of the opinion, in view of the positive and unqualified prohibition of implied warranty contained in paragraph (4), that paragraph (4), in its bearing on the case at bar, amounts to a proviso, limiting the provisions of paragraph (1).

In that view of the statute the respondent's objection to the claim of the petitioner, adopted by the Superior

Court, is without legal warrant, and the decree of that court is erroneous.

The decree of the Superior Court is reversed. The lien of the petitioner is enforced for $455 with interest.

The petitioner may present to us a form of decree in accordance with this opinion.

*Quinn and Kernan,* for petitioner.
*John L. Maroney,* for respondent.