94     APPELLATE COURTS OF ILLINOIS.

J. P. Seeburg Piano Co. v. Lindner et al., 221 Ill. App. 94.

## J. P. Seeburg Piano Company, Appellant, v. Nathan Lindner and August Zilligen, Jr., Appellees.

### Gen. No. 26,357.

1. SALES—*when purchaser justified in rejecting.* Defects of a glaring character in an organ, causing it to produce unharmonious notes and sounds distressing to hearers, render it not only unsatisfactory but useless as a musical instrument, and hence justify the purchaser in rejecting it and refusing to pay for it.

2. SALES—*when warranty of fitness for intended use implied.* Where an organ is sold for use in a moving picture theater the law will imply a warranty that it is practically usable for the purpose to which the seller knew it was to be put.

3. SALES—*when seller placed in statu quo on rejection by purchaser.* Where the purchasers of an organ for use in a motion picture theater, upon its proving unfit for use and upon failure of the seller to remedy its defects, notified the seller to remove it and upon refusal to do so removed it, placed it in storage and sent the warehouse receipt to the seller, they sufficiently complied with the law making it obligatory upon them to put the seller *in statu quo.*

4. SALES—*when warranty may be shown by parol.* A chattel mortgage given merely to secure the unpaid purchase price, and which by its terms could have no relation to warranties made by the seller, does not preclude parol evidence of the making of oral warranties at the time of sale, particularly warranties which the law would in any event imply.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 16, 1921.

ALDEN, LATHAM & YOUNG, for appellant.

ADLER, LEDERER & BECK, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

March 23, 1917, plaintiff had judgment against defendants by confession for $3,759.72 and costs. On motion of defendants that judgment was opened and

the affidavit filed in support of the motion was allowed to stand as the affidavit of defense in the case.

The defense set up in the affidavit is that defendants on February 13, 1917, operated the Rosewood theatre as a moving picture house; that when they purchased the theatre it was supplied with a pipe-organ orchestra of plaintiff's manufacture; that it did not give satisfaction and that plaintiff represented that it could not be made to give satisfaction because of its location in the theatre; that thereupon the plaintiff sold to the defendants one pipe-organ orchestra, style "V," for $5,500, and warranted that it would give satisfaction; that $1,510 was paid on account of the purchase price at the time and the balance of the purchase price was the note in judgment; that the organ did not give satisfaction in that it failed to keep in tune; that the various pipes and stops were so constructed as to create sounds which were displeasing to all who heard them; that defendants notified plaintiff of the defects, which it attempted to correct, but failed in doing so; that by reason of such defects the organ was of no value to defendants, who notified plaintiff to remove it, which plaintiff refused to do, whereupon defendants removed it and placed it in storage for plaintiff's account, sending the warehouse receipt therefor to it; that a consideration for said $3,900 note on which judgment had been confessed had wholly failed. A chattel mortgage was given upon the organ to secure the note, and it appears that after the organ was stored plaintiff sold it under the chattel mortgage and that it brought $1,044.

On a trial before court and jury there was a verdict and judgment in defendants' favor, and plaintiff brings the record here by this appeal for review.

There was an abundance of evidence from which the jury might properly find that the style "V" organ which defendants bought of plaintiff for their moving picture theatre was wholly unsatisfactory for

the purpose for which it was purchased and entirely worthless to defendants in their moving picture business in which it was to be used, and that plaintiff knew the purpose for which the organ was to be used and, so knowing, installed it in defendants' Rosewood theatre.

While it is a fact that witnesses testified for plaintiff that the organ was of the best construction and a good instrument, and that it could be satisfactorily played, still, on the other hand, many defects were pointed out by defendants' witnesses which prove, if credited, that the organ could not be satisfactorily played or used in the service for which it was bought, Among the defects pointed out were the sticking of the keys, the failure of other keys to respond to the touch of the organist, the failure of notes to stop when the fingers were removed from the keys, and that discords and unharmonious sounds resulted from such defects when the organ was in action.

Conflict of notes producing unharmonious sounds is most distressing to the hearers of an organ performance. To be effective an organ must be harmonious in all its parts. Defects of the glaring character of those in evidence rendered the organ not only unsatisfactory but useless as a musical instrument.

It appears that the organ was sold without the execution of a bill of sale therefor, but it is said that it was warranted to give satisfaction. Be this as it may, the law would imply a warranty that the organ was practically usable for the purpose to which plaintiff knew it would put when it sold it to defendants and installed it in their theatre. In the Uniform Sales Act [Callaghan's 1916 Stat. ¶ 10021(18)] it is provided that:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether

J. P. Seeburg Piano Co. v. Lindner et al., 221 Ill. App. 94.

he be grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.''

In *New Idea Arc Light Co. v. G. C. Renneker Co.*, 195 Ill. App. 290, it was held that when a manufacturer of articles sells them for a specific use there is an implied warranty on his part that they are reasonably fit for such use. *Craig v. Pellet*, 209 Ill. App. 368.

Plaintiff knew when the sale was made and the organ installed that defendants' theatre was operated every evening and that the organ would be played at every performance. Furthermore, plaintiff was given every opportunity to remedy the defects found in the organ and reported to it by defendants, but failed to do so.

It is urged for reversal that defendants were obligated when they rescinded the contract to restore the *status quo* and put plaintiff in as good a position as it was in before the sale. We think this primary obligation was fully met by the return of the organ; that such restitution of the organ to plaintiff was all that could possibly be done under the circumstances and was a sufficient compliance with the law which made it obligatory upon defendants to put plaintiff in as good a condition as it was before the sale.

There was no error in admitting oral testimony in proof of the warranty of the organ, as there was no written contract evidencing the purchase and sale. The chattel mortgage was security for the unpaid purchase money and could have no relation by its terms to warranties, if any, given by plaintiff orally at the time of the sale. Moreover, the warranties claimed to have been orally given were such as under the circumstances the law implies.

We find no error in the instructions or in the rulings of the trial judge upon the admission or exclusion of testimony.

The record being free from reversible error, the

98     APPELLATE COURTS OF ILLINOIS.

judgment of the municipal court is affirmed.

*Affirmed.*

