Charles E. Sampson and Others, Appellants, *v.* Frank F. Pels Company, Respondent.

First Department, February 10, 1922.

Sales — action for purchase price of goods — counterclaim for defective quality sustained — implied warranty that goods were merchantable and fit for purpose for which purchased — objection that evidence is not within pleadings cannot be raised for first time on appeal — parol evidence rule not violated by admitting proof that seller knew purpose of purchase — sale not one of specified article under trade name — Personal Property Law, § 96, subd. 1, and § 130, applied — implied warranties may be drawn from facts outside contract.

In an action for the purchase price of a quantity of cotton yarn, where the contract of sale was silent as to any warranties but simply specified " Combed Sea Island Cotton Yarn on Cones. Regular twist — 22 turns,"

the answer alleged as a counterclaim a warranty by the seller that the cotton was to be good and merchantable and of the first grade but that the cotton was in fact full of slugs and nits, unevenly spun and not merchantable, that the defendant had duly notified the plaintiffs of the condition of the cotton, and that the defendant had suffered damages because of said breach of warranty in a sum specified.

*Held,* on all the evidence, that the verdict for the defendant should be sustained, and that there was an implied warranty both that the goods were merchantable and that they were fit for the purpose for which they were purchased.

The failure to object upon the trial to evidence upon the ground that it is inadmissible under the pleadings is a waiver of insufficiency of the pleading and the objection cannot be raised for the first time on appeal.

It was not a violation of the rule that parol evidence may not be used to vary the terms of a written contract to allow proof that the seller knew the purpose for which the yarn was purchased, in order to show the implied warranty.

The sale in question was not a sale of a specified article under its trade name; and, if the seller had knowledge of the purpose for which the purchase was made, there was an implied warranty under Personal Property Law, section 96, subdivision 1, that the article furnished was reasonably fit for such purpose, and hence evidence of such knowledge on the part of the seller was properly admitted; and, *it seems,* that, if the contract should be construed to be one for the sale of a specified article under its trade name, then the evidence would not be objectionable as the buyer would have a right of offset for failure to deliver that article under Personal Property Law, section 130.

Nor was such evidence inadmissible on the ground that there were no facts in the contract from which the implied warranties could be drawn as such warranties may be found from facts outside the contract.

APPEAL by the plaintiffs, Charles E. Sampson and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of April, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiffs' motion to set aside the verdict and for a new trial made upon the minutes.

*Allen R. Memhard* [*Samuel Seabury* of counsel; *Allen R. Memhard* and *George Trosk* with him on the brief], for the appellants.

*Diamond, Abrahams & Strauss* [*Jerome A. Strauss* of counsel; *Samuel Abrahams* with him on the brief], for the respondent.

SMITH, J.:

Upon November 5, 1919, the defendant and the Lily Mill and Power Company entered into a contract for the purchase and sale of Sea Island cotton yarn on cones. The contract, so far as material to this controversy, is as follows:

" Cotton Yarns

" Catlin & Co.          Broadway, Cor. Leonard St.
    " New York,             Nos. 345–7       No. 92.
" Boston, Phila.,
    " Chicago.

                     " NEW YORK, *Nov.* 5, 1919.

" FRANK F. PELS Co.
    " 17 East 24th St., City:

                 " Allowance for Cones and Paper
                 will be made as follows — Foster
                 Wind 2%, Universal 1%

" DEAR SIRS.— We enter your order for 4500 Lbs. 60/2 Combed Sea Island Cotton Yarn on Cones. Regular twist — 22 turns."

Thirty-eight hundred pounds were delivered and accepted by the defendant. Seven hundred pounds were finally delivered to the defendant upon the 22d of June, 1920. This action is brought by plaintiffs as assignees of the Lily Mill and Power Company to recover the purchase price of the 700 pounds, amounting to $3,659.25. The answer served by the defendant contains certain denials, and as a separate defense, by way of setoff and counterclaim, alleged a warranty by the Lily Mill and Power Company that the cotton was and would be good and merchantable and of the first grade or class. It further alleged that said cotton was full of slugs and nits and was unevenly spun and was not merchantable. It further alleged that, within a reasonable time after the discovery of the true condition of the cotton, the defendant notified the plaintiffs of its said condition and the said breach of warranty in relation thereto, and that by reason of the fact that such merchandise was worthless, useless and unmerchantable, the defendant has suffered damage in the sum of $3,412.50. The demand for relief is that this damage be offset against the plaintiffs' claim. The trial judge submitted

to the jury the question simply as to the merchantability of this cotton. The jury found a verdict in favor of the defendant and from the judgment entered thereupon and an order denying a motion to set aside the verdict, the plaintiffs are here appealing.

The first objection urged is that the trial court improperly admitted evidence to the effect that the seller had notice of the purpose for which the purchase was made, to wit, for the purpose of selling to the embroidery trade. This objection is founded, first, upon the fact that the evidence was not admissible under the pleadings. To this contention it may be said that at no time upon the trial was objection made on the ground that the evidence was inadmissible under the pleadings, and that objection is raised for the first time upon this appeal. The failure to object to the evidence upon this ground is a waiver of the insufficiency of the pleading, and the plaintiffs cannot now avail themselves of the insufficiency of the pleading for the purpose of reversing this judgment. Another ground of the objection is that the effect of such evidence would be to contradict the written contract by parol evidence; and cases are cited in support thereof, which hold that, where a contract of sale specifies the goods by description, proof that the goods were sold by sample would be a contradiction of the terms of such a contract and inadmissible; and other cases are cited holding that express warranties cannot be shown under the parol evidence rule, unless expressed in the contract itself. No case is cited, however, which holds that the warranties which the law implies cannot be shown, although not specified in the contract. The law implies those warranties only because they are not expressed. In *Carleton* v. *Lombard, Ayres & Co.* (149 N. Y. 137) it is held that: "Implied warranties may attach to a written as well as to an unwritten contract of sale." (See, also, *Landreth* v. *Wyckoff*, 67 App. Div. 145.) The third objection assigned is that this contract is for the sale of a specified article under its trade name, and that, therefore, there is no implied warranty as to its fitness for any particular use. The evidence shows that this cotton was bought mainly for the embroidery trade. For that purpose it must be so combed as to be free from slugs and nits. If this be deemed a contract for a specified article

under its trade name, it is clear that that specified article must be free from slugs and nits. If the contract should be construed a contract for the purchase of such an article, the defendant has its right of offset for failure to deliver that article under section 130 of the Personal Property Law (as added by Laws of 1911, chap. 571). That section provides that: " In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale." But upon the proof given, I am satisfied that this is not a sale of a specific article under its trade name. The property contracted to be sold varied by reason of proper or improper combing. If properly combed it would be substantially free from slugs or nits. If improperly combed it would not be free from slugs or nits, and would be unavailable for the purposes for which the purchase was made, and while it might possibly under the evidence of some of the witnesses be used for other purposes, nevertheless, the description was not so definite as to be called a contract for " a specified article," and if the seller had knowledge of the purposes for which the purchase was made, under subdivision 1 of section 96 of the Personal Property Law (as added by Laws of 1911, chap. 571) there was an implied warranty that the article furnished was reasonably fit for such purpose. Directly within that subdivision it appears that the buyer must rely upon the sellers' skill in the manufacture of the yarn, in the proper combing thereof, so that under the evidence given it would seem clear that there was here an implied warranty both that the goods were merchantable and that they were fit for the purpose for which they were purchased. Although the trial court submitted to the jury the single question of the merchantability of this cotton, it might well have submitted to the jury the question of the reasonable fitness of the article for the particular purpose for which it was purchased. The plaintiffs' objection, therefore, to the evidence as incompetent was not well taken.

Finally it is contended by the plaintiffs that this evidence was inadmissible on the ground that the law will not imply a warranty unless the facts appear in the contract itself, from which such implication can be drawn. In answer to the

plaintiffs' contention, it seems to me that such a rule is illogical. As stated before, a warranty is implied only for the reason that it is not expressed in the contract. If the contract fails to express such a warranty, it is not natural to suppose that the contract would contain all the facts upon which such an implied warranty must be based. To hold that such facts must all appear in the contract would place an unreasonable limitation upon the rule of implied warranties as found in section 96 of the Personal Property Law.

Plaintiffs cite four cases, one in Maine, one in Maryland, one in Massachusetts, and one in the United States Supreme Court, which seem to support their contention. But those were all cases decided before the Sales Act was enacted by several States within this country. As against its contention is a clearly written opinion in *Gillespie Bros. & Co. v. Cheney* (L. R. [1896] 2 Q. B. 59–64) which was decided under the Sale of Goods Act in England. Section 96 of our Personal Property Law was taken from section 15 of the Sales Act, which is itself a substantial re-enactment of section 14 of the English Sale of Goods Act. While it is apparently true that the English Sale of Goods Act expresses the common law as it was ruled in England at the time of the adoption in England, the courts of this State never even interpreted the common law upon this question, and the cases cited from Maine, Maryland, Massachusetts and from the United States Supreme Court express, perchance, the common-law rule as held in those particular jurisdictions. In the *Gillespie Bros. & Co. Case (supra)* Lord RUSSEL, Ch. J., says in his opinion: " It is clear, also, to my mind, that section 14 is intended to deal with cases in which there is nothing in the contract itself from which it appears that the buyer made known to the seller the particular purpose for which the goods are required, or that he relied on the sellers' skill and judgment. Those are facts which are to be supplied *ab extra* by other evidence." In Williston on Sales (§ 248) the author says: " The provisions of the Sales Act are copied from the English statute and the English statute was intended to express the common law of England as it existed at the time the act was passed. It may, therefore, be supposed that the liability of a seller under the Sales Act will be somewhat greater than that imposed by the common law of

many jurisdictions in this country." Further, in the same section: " It would be unfortunate if the section (referring to the section of the Sales Act from which section 96 of our Personal Property Law was taken) should be narrowly construed, and had it not already received a liberal construction in England, a construction which it may be assumed American courts would follow, it would be undesirable to copy the English legislation in this matter." And, again, " The purpose for which the goods are required need not necessarily appear in the contract itself, but may be proved by evidence of matters *ab extra* the contract, even when it is in writing, if such evidence does not contradict the contract. The purpose intended ' may be gathered from the course pursued by the parties, and from their conduct and acts and writings antecedent, but leading up to the contract itself.' "

Within these authorities upon the construction of the provisions in the Sales Act and in the Personal Property Law in question, this implied warranty may be found from facts *ab extra* the contract, and the decisions upon which appellants rely, before the enactment of the Sales Act in several of the States in this country, are not deemed controlling upon the question here presented. Upon examination of the record, I am of the opinion that there was sufficient evidence to warrant the verdict of the jury, and I find no legal errors which would lead to a reversal of the judgment.

The judgment and order should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.