DEXTER & CARPENTER, INC., Plaintiff, Respondent, *v.* E. W. BLISS BUILDINGS, INC., Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 19, 1924.

**Sales — implied warranty — action to recover contract price of coal delivered to defendant under written agreement — parol evidence may be given to show whether an implied warranty exists pursuant to Personal Property Law, § 96.**

Parol evidence may be given in an action to recover the contract price of coal delivered to the defendant, under a written contract, to determine whether an implied warranty exists under section 96 of the Personal Property Law where

Appellate Term, First Department, June, 1924.          [Vol. 123

it appears that under defendant's third separate defense and counterclaim it sought to prove an implied warranty predicated upon an alleged assurance of plaintiff's representative that the coal which was provided for in the agreement would meet defendant's needs.

Appeal by defendant from a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a directed verdict.

*Haight, Smith, Griffin & Deming (Frank A. Paul* and *E. R. Kraetzer,* of counsel), for the plaintiff, respondent.

*Kellogg, Emery, Inness-Brown & Cuthell (Dean Emery* and *J. Fearon Brown,* of counsel), for the appellant.

*Per Curiam.* This action was brought to recover the contract price of certain coal delivered to the defendant under a written agreement.

Evidence offered by defendant to prove an express warranty was properly excluded, but the court also struck out evidence by defendant's witness of a conversation with plaintiff's representative to the effect, in substance, that he explained the particular and peculiar use for which defendant needed the coal and that the plaintiff assured him that the coal which it proposed to furnish and which was provided for in the agreement subsequently signed would meet defendant's needs, and denied defendant's request to go to the jury on the existence of an implied warranty, which was pleaded as a third separate defense and counterclaim.

The weight of authority seems to us to be overwhelmingly in favor of permitting all the circumstances of the transaction to be proved by parol evidence, even in the case of a written contract of sale, in order to enable the triers of the facts to determine whether an implied warranty existed pursuant to the terms of section 96 of the Personal Property Law. *Gillespie Brothers & Co.* v. *Cheney, Eggar & Co.,* L. R. (1896) 2 Q. B. 59; *Sampson* v. *Pels Co.,* 199 App. Div. 854; *The Steamship S. Angelo Toso,* 271 Fed. Rep. 245 (C. C. A. Third Circuit, 1921); *Thomson* v. *Meyercord Co., Inc.,* 174 N. Y. Supp. 732; Williston Sales (1909), § 215.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

All concur; present, Bijur, Mullan and Levy, JJ.

Judgment reversed and new trial ordered.