ACORN SILK COMPANY *vs.* CHARLES HERSCOVITZ & another.

Suffolk.   November 17, 1924. — January 10, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Sale,* Warranty, Rescission.

Where, from a report by the trial judge of the trial of an action for the purchase price of goods sold, it appears that each party to the action is described as having a usual place of business in Boston in this Commonwealth and it nowhere appears where the contract was made or was to be performed, the rights of the parties are to be determined by the sales act of this Commonwealth, G. L. c. 106.

One, who purchased silk dress goods by sample and by a trade name and under a contract in writing that contained no express warranty, used part of the goods, and then attempted to return the remainder and rescind the contract on the grounds that the colors ran and that the sales agent had stated to him that the trade name under which the goods were sold "indicated" that the seller "guaranteed goods so marked as fast colors," has, by reason of G. L. c. 106, § 17, cl. 4, no defence to an action for the purchase price, and, there being no implied warranty, he cannot recover damages by way of recoupment.

CONTRACT for $3,024.25, for goods sold to the plaintiff according to an account annexed.   Writ dated September 30, 1920.

In the writ, each party was described as "having a usual place of business in" Boston.

In the Superior Court, the action was tried before *Qua*, J. It appeared that the sale was by sample and was evidenced by a written order signed by the defendants and containing all the essentials and terms of the contract. Other material evidence is described in the opinion.

The judge ordered a verdict for the plaintiff and reported the action to this court, stating: "By reason of the fact that the contract was reduced to writing, that the goods were sold by sample and under the trade name of 'Asco,' that there was no express warranty in the written contract, that only a portion of the goods sold were returned and that there was no dispute as to any other element of the contract, I directed the jury to return a verdict for the plaintiff for $3,024 with interest in the sum of $300, which was agreed by the parties to be the amount of interest to which plaintiff was entitled under my direction, to which direction defendants excepted."

The case was submitted on briefs.

*E. M. Dangell, J. J. Enright, & R. Gallagher*, for the defendants.

*S. M. Child*, for the plaintiff.

BRALEY, J. This is an action of contract to recover the price of an invoice of silk dress goods. The parties are described as doing business in Boston in this Commonwealth, and their rights are to be determined by our sales act, G. L. c. 106. The goods were sold under the trade name of "Asco" silk and, after having kept or used nearly one half of the shipment, the defendants claimed that the colors ran, and endeavored to rescind by a tender of the remainder of the invoice which was refused. It was further claimed that the plaintiff's agent, when the sale was negotiated by sample, "informed defendants that the word 'Asco' was a trade mark of the plaintiff and indicated that the . . . Company guaranteed the goods so sold as fast colors." The contract however, which was in writing, contains no express warranty. It cannot be changed by parol evidence to cover the alleged representations. *Boston Consolidated Gas Co.* v. *Folsom,*

237 Mass. 565, 568.    And by force of the statute, § 17, cl. 4, there is no implied warranty entitling the defendants to damages under their answer in recoupment.    *Stoehrer & Pratt Dodgem Corp.* v. *Greenburg, ante,* 550.

The question, whether the contract was entire and the defendants therefore by keeping or using part of the goods cannot rescind and are liable for the purchase price, is immaterial.    See *Shohfi* v. *Rice,* 241 Mass. 211.

The verdict for the plaintiff, the amount of which, if it is entitled to recover, is not disputed, was ordered rightly, and the entry must be

*Judgment on the verdict.*