DUNN ROAD MACHINERY CO. v. CHARLEVOIX ABSTRACT & ENGINEERING CO.

1. Sales—Implied Warranty of Fitness—Uniform Sales Act.
   Where buyer of road machine did not designate machine required, but informed seller of its need and left it to seller's judgment to select machine that would do the work, there was implied warranty of fitness both under common-law rule and uniform sales act (3 Comp. Laws 1915, § 11846, subd. 1), which is not affected by fact that contract contains express warranty of material and workmanship.

2. Same—Damages—Breach of Warranty—Recoupment—Instruction—Rescission.
   Instruction that buyer might recover amount paid on purchase price of machine was erroneous, where buyer expressly disclaimed rescission of contract, and claimed right to recoup damages for breach of implied warranty of fitness.

3. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.
   Where no motion for new trial was made on ground of insuffi-
   cient damages allowed, the weight of evidence on said ques-
   tion may not be considered on review.

4. SAME—QUESTION FIRST RAISED ON REVIEW NOT CONSIDERED.
   That contract involved is foreign contract, will not be con-
   sidered on review, where raised for first time in counsel's
   brief.

Error to Charlevoix; Gilbert (Parm C.), J. Sub-
mitted April 10, 1929. (Docket No. 24, Calendar
No. 34,219.) Decided June 3, 1929.

Assumpsit by Dunn Road Machinery Company
against the Charlevoix Abstract & Engineering
Company on promissory notes. Defendant gave no-
tice of claim for recoupment of damages. From a
judgment for plaintiff for less than amount claimed,
both parties bring error. Affirmed.

*B. H. Halstead,* for plaintiff.

*Clink & Williams,* for defendant.

McDONALD, J. This is an action upon certain
promissory notes aggregating $1,753, given by the
defendant in part payment of a road machine, pur-
chased July 14, 1922, as evidenced by a written con-
tract of that date.

The plaintiff is a manufacturer and dealer in road
machinery at Conneaut, Ohio. The defendant is en-
gaged in part in the building of concrete roads and
has its principal place of business at Charlevoix,
Michigan.

About July 1, 1922, the defendant wrote to the
plaintiff for information and prices on a road finish-
ing machine, stating that it must be for 16″ x 18′

finishing work on concrete pavement and must pass the specifications of the Michigan State highway department. No reply seems to have been made to this letter, but evidently the plaintiff referred the matter to its Michigan representative, who very soon thereafter called upon the defendant, with the result that a written contract was entered into for the purchase of a machine. The consideration was $2,630, of which $877 was paid on delivery, and the balance in notes, of which the notes sued upon are renewals. The machine was delivered, but failed to do the work for which it was purchased. Defendant refused to pay the notes. This suit was brought. Defendant gave notice under its plea that it would claim the right to recoup damages in the sum of $2,904.36 for breach of warranty. On the trial, the jury fixed the defendant's damages at $929.76, and gave the plaintiff a verdict for $1,323.24. Judgment was entered on the verdict. Both parties claim error.

The principal question involved is whether there was an implied warranty that the machine was reasonably fit for the purpose for which it was purchased.

The following provisions of the uniform sales act of Michigan (3 Comp. Law 1915, § 11846) are applicable:

"Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufac-

turer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose. * * *

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose. * * *

"(6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith."

We think the undisputed facts in this case bring the contract within subdivision (1) above quoted. The defendant made known to the plaintiff the purpose for which it desired the machine and trusted to the skill and judgment of the plaintiff to furnish a machine suitable for that purpose. In view of these facts, both by the common-law rule and by virtue of the statute, the defendant had a right to rely on an implied warranty of fitness. And this right is unaffected by the fact that the contract contains an express warranty of material and workmanship, because that warranty is in no way inconsistent with the warranty implied.

But the plaintiff contends that the doctrine of implied warranty does not apply to the facts in this case; that the question is governed by subdivision (4) above quoted, which provides that there is no implied warranty as to fitness in case of a contract to sell a specified article under its patent or other trade-name. Subdivision (4) is a restatement of the common-law rule, and that rule is considered in numerous cases which it is not necessary to here discuss. It is well stated by Mr. Mechem, as follows:

"The implied warranty of fitness is not to be extended to cases which lack the necessary conditions upon which it depends. The essence of the rule is,

that the contract is executory; that the particular article is not designated by the buyer; that only his need is known; that he does not undertake or is not able to determine what will best supply his need, and therefore necessarily leaves the seller to make the determination and take the risk; and if these elements are wanting, the rule does not apply. If, therefore, a known, described and defined article is agreed upon, and that known, described or defined article is furnished, there is no implied warranty of fitness even though the seller is the manufacturer and the buyer disclosed to him the purpose for which the article was purchased." 2 Mechem, Sales, § 1349.

The facts of the instant case include all of the elements which Mr. Mechem says are necessary to raise an implied warranty as to fitness. The particular machine was not designated by the buyer. He did not know if the seller had a machine which would answer his purpose. He wrote for information, stated his needs and left it to the judgment of the seller to select a machine that would do the work. Because of these facts, the trial court was right in holding as a matter of law that there was an implied warranty as to fitness. Nor is there any doubt as to the breach. The evidence is conclusive that the machine would not do the work for which it was purchased. But the court submitted the question of the breach and of damages to the jury. As to the damages, the charge was more favorable to the defendant than it ought to have been. For instance, at counsel's request, the jury was instructed that the defendant might recover the amount paid on the purchase price of the machine. This instruction was wrong because the defendant had expressly disclaimed rescission of the contract. *Holcomb & Hoke Manfg. Co.* v. *Cataldo,* 199 Mich. 265.

The plaintiff had a right to claim error on this instruction, but has not done so. The defendant's assignments are wholly without merit. Not only was every element of damage claimed submitted to the jury, but the court gave them the defendant's bill of particulars that they might have it before them when making up their verdict. Defendant's other assignments relate to the exclusion of testimony tending to show an implied warranty. The court having disposed of that question as a matter of law in favor of defendant, we see no reason why error should have been assigned on these rulings. The only cause for complaint that the defendant might justly assert in this case is as to the amount of damages allowed by the jury. But as no motion for a new trial was made, the weight of the evidence is not a matter for our consideration.

The plaintiff presents two assignments of error. Both are based on the claim that there is no competent evidence of an implied warranty. As we have already expressed our views on that matter, it is not necessary to extend this opinion by further discussion.

We have not overlooked the argument of counsel for the plaintiff that this is an Ohio contract. That question is raised for the first time in counsel's brief, and therefore we have not considered it. We have discussed all other questions that appeared to have merit. There is no reversible error.

The judgment is affirmed, without costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.