# IRON FIREMAN COAL STOKER COMPANY v. H. ROWATT BROWN AND OTHERS.[1]

January 23, 1931.

No. 28,207.

*Tappan & Gallagher,* for appellants.

*Bronson & Owen* and *Junell, Oakley, Driscoll & Fletcher,* for respondent.

[1]Reported in 234 N. W. 685.

WILSON, C. J.

Defendants H. Rowatt and Frances M. Brown appealed from an order denying their motion for a new trial.

The action is to foreclose a mechanic's lien based on the installation of an Iron Fireman coal stoker. The court found, as defendants claimed, that it would not do the work for which it was sold and purchased though reasonable efforts had been made to have it do so. The court later granted plaintiff's motion to amend the findings so as to give plaintiff the relief sought. This was upon the theory that the article was sold under a trade-name within G. S. 1923 (2 Mason, 1927) § 8390(4) and hence without an implied warranty.

G. S. 1923 (2 Mason, 1927) § 8390(4) reads:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

If a person requests a dealer to deliver to him a specifically designated article, known to the buyer and the trade by its trade-name, and it is done, it is obvious that the article would be sold under its trade-name within the meaning of the statute. Such negotiation indicates that the article is known by both parties and the buyer has designated just what he wants. He knows what he wants. The theory of the statute is that since he knows what he wants and gets it, after having so designated it, it must be supposed that the trade-name carries such qualities as to cause the purchase.

The spirit and intent of subd. 4 of the statute is that the seller is not held to an implied warranty because the buyer gets the distinct thing selected by him, an exact article, for which he bargains. So, acting upon his own desires, he takes his own chances as to the fitness of the article and should not be permitted to complain of the seller, who has supplied him with the very thing he sought. B. F. Sturtevant Co. v. LeMars Gas Co. 188 Iowa, 584, 176 N. W. 338. In such cases it is not important that the buyer discloses to the

seller his intentions as to the use of the article. It is usually helpful to determine upon whose judgment and responsibility the purchase was made. Or to state it another way, if the thing is itself specifically selected and ordered, the buyer takes upon himself the risk of its effecting the desired purpose. Under such circumstances the law does not impose an implied warranty; nor should it. The situation is quite different where the buyer yields to the trade talk of a salesman who sells him something that is wholly unknown to him. Perhaps it might be said that where the buyer selects, the article, subd. 4 applies; and where the seller selects the article suitable for the purposes needed, subd. 1, hereinafter mentioned, applies. We are of the opinion that where the buyer fully informs the seller of his particular needs and the seller undertakes to select or supply an article suitable for the purpose involved, subd. 1 applies even though the article may be described in the contract of sale by its trade-name. 59 A. L. R. 1180, Anno. (2) ; Dunn R. M. Co. v. Charlevoix A. & E. Co. 247 Mich. 398, 225 N. W. 592, 64 A. L. R. 947; Barrett Co. v. Panther Rubber Mfg. Co. (C. C. A.) 24 F. (2d) 329; Hunter v. Waterloo G. E. Co. (Mo. Sup.) 260 S. W. 970; Sachter v. Gulf Ref. Co. 203 N. Y. S. 769; Baldry v. Marshall, L. R. 1 K. B. (1925) 260.

These are authorities that seem to put a strict construction upon this provision of the uniform sales act and hold that if the contract describes an article by the trade-name there is no implied warranty; but such authorities apparently involve cases where the contract discloses the article sold under a trade-name, and the record fails to disclose any circumstances such as are involved in this case. It would seem that such a contract, in the absence of evidence of circumstances to the contrary, should be construed under the statute as if the purchaser had selected the article purchased. Matteson v. Lagace, 36 R. I. 223, 89 A. 713; Quemahoning Coal Co. v. Sanitary E. S. Co. 88 N. J. L. 174, 95 A. 986; Acorn Silk Co. v. Herscovitz, 250 Mass. 553, 146 N. E. 35. In Boston Cons. Gas Co. v. Folsom, 237 Mass. 565, 567, 130 N. E. 197, 198, it is pointed out that the purchaser "obtained exactly what he contracted for." Such cases

as Aetna Chemical Co. v. Spaulding & Kimball Co. 98 Vt. 51, 126 A. 582; Remsberg v. Hackney Mfg. Co. 174 Cal. 799, 164 P. 792, and Empire C. S. Co. v. Quinn, 184 App. Div. 302, 171 N. Y. S. 413, seem to be grounded on the thought that the purchaser knew what he was ordering and is inferentially credited with having made the selec- 'tion.

The mere fact that an article sold is described in the contract by its trade-name does not necessarily make the sale a sale under or by a trade-name. Whether it is so or not depends upon the cir- cumstances. Baldry v. Marshall, L. R. 1 K. B. (1925) 260.

This provision of the statute is merely a restatement of the com- mon law rule that where there is a sale of a known, described, and defined article, and if that article is in fact supplied, there is no implied warranty. But we think the rule at common law and now under such a statute means articles known in the market, and among those familiar with that kind of trade, by that description. Inter-State Grocer Co. v. Geo. W. Bentley Co. 214 Mass. 227; Bar- rett Co. v. Panther Rubber Mfg. Co. (C. C. A.) 24 F. (2d) 329.

In this case it would seem that the "Iron Fireman" was not known to defendants. They were entirely ignorant as to its ability or capacity or the work which it would do. Plaintiff was in posses- sion of all the facts. Defendants did not even know it had a trade- name. It then had a limited use in their community. Plaintiff sought to sell them the equipment and assured them that they would not have to go to the furnace room the last thing at night nor the first thing in the morning. They were willing to buy some- thing that would accomplish that purpose. They had no knowledge of the "Iron Fireman" by reputation or otherwise. They made their desires known to plaintiff. One of the reasons that caused them to buy was that plaintiff repeatedly told them they would take the equipment out if not satisfactory. Defendants unsuccessfully at- tempted to make it work. Plaintiff knew defendants had no knowl- edge of the equipment or its operation.

Defendants' reliance upon plaintiff's judgment as to the suit- ability of the equipment to meet their requirements is evident from all the circumstances.

G. S. 1923 (2 Mason, 1927) § 8390(1) reads:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

The fact that the article has a trade-name does not do away with the implied warranty arising out of the circumstances indicated. In addition to the authorities hereinbefore cited which sustained that conclusion, we believe the following authorities tend to support the same theory. Stewart v. Clay, 10 La. App. 727, 123 So. 158; George E. Pew Co. v. Karley & Titsenor, 168 Iowa, 170, 150 N. W. 12; B. F. Sturtevant Co. v. LeMars Gas Co. 188 Iowa, 584, 176 N. W. 338; Ireland v. Louis K. Liggett Co. 243 Mass. 243, 137 N. E. 371; Swartz v. Edwards M. C. Co. 49 R. I. 18, 139 A. 466.

Under the circumstances we are of the opinion that under this subdivision of the statute there was an implied warranty that the equipment was reasonably fit for the purpose for which it was sold. Minneapolis S. & M. Co. v. Casey Land. Agency, 51 N. D. 832, 201 N. W. 172; Glover Machine Works v. Cooke-Jellico Coal Co. 173 Ky. 675, 191 S. W. 516; Sampson v. Frank F. Pels Co. 199 App. Div. 854, 192 N. Y. S. 538; J. P. Seeburg Piano Co. v. Lindner, 221 Ill. App. 94; Dunn R. M. Co. v. Charlevoix A. & E. Co. 247 Mich. 398, 225 N. W. 592, 64 A. L. R. 947.

The doctrine of implied warranty is to be liberally construed. Bekkevold v. Potts, 173 Minn. 87, 216 N. W. 790, 59 A. L. R. 1164. The rule is an equitable one. Glover Machine Works v. Cooke-Jellico Coal Co. 173 Ky. 675, 191 S. W. 516.

Reversed.