Emily W. TORPEY, Appellant,

v.

RED OWL STORES, Inc., Appellee.

No. 15361.

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1955.

Richard J. Orff and Martin J. Ward, Minneapolis, Minn., for appellant.

Charles A. Bassford, Minneapolis, Minn. (Richards, Janes, Hoke, Montgomery & Cobb, Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant to recover damages for personal injuries. We shall refer to the parties as they appeared in the trial court. The defendant is a self-service retailer of groceries maintaining a grocery store in Minneapolis, Minnesota. Plaintiff, a resident and citizen of the state of New

York, was at the time of receiving her injuries a guest at the home of her sister Miss Mary Ward who resides in Minneapolis, Minnesota. In her complaint she alleged that on the 6th day of December, 1953, while attempting to replace the metal cap or cover on a glass jar of prepared foodstuff previously purchased from defendant in the regular course of business said glass jar crumbled and shattered in her hands inflicting cuts and lacerations in her right hand and that the injuries so inflicted were the result of defects in the glass jar and cap and the negligence of the defendant. She then alleged that in offering, selling and delivering said merchandise the defendant impliedly warranted it to be reasonably fit for the purposes for which it was sold and to be of merchantable quality but that said glass jar was not as so warranted. She then alleged that as a result of the injuries so suffered by her she was seriously and permanently injured. She also alleged facts going to the extent of her injuries and the damages resulting therefrom. The defendant by its answer admitted the jurisdictional allegations of the complaint, admitted that it was in the business of selling foodstuffs in sealed glass jars to the public and denied that it made any sale of foodstuff in glass jars to the plaintiff but that if it sold the glass jar of foodstuff mentioned in plaintiff's complaint to anyone denied that it warranted it to be free from unknown defects which could not be discovered upon reasonable examination. Other allegations in the pleadings are of no pertinence to the issues now involved.

The action was tried to the court and a jury and there is little or no dispute in the evidence. Plaintiff was helping her sister clear the table after a dinner at which part of a jar of applesauce had been eaten. She asked her sister what she should do with the unused portion of the applesauce and at her suggestion returned it to the jar from which it had been taken. She then attempted to reseal and recap the jar when it collapsed under her hands inflicting lacerations to her hand and wrist.

The circumstances under which this sealed glass jar of applesauce was purchased were as follows: Plaintiff's sister went to defendant's retail self-service store and in the usual and customary manner selected this jar of Mott's applesauce from the shelf in the store without advice or recommendation from anyone in the store, paid for it and took it to her home. There was evidence that the glass jar was defective but that the defect was not discernible. There was also evidence as to the nature and extent of plaintiff's injuries.

At the close of all the evidence defendant moved for a directed verdict on the following grounds: " * * * that there is no privity between her and the defendant; there is no warranty between her and the defendant; no warranty between her and the defendant on the part of the defendant which was breached. On the further ground that there is no evidence of any negligence on the part of the defendant which caused or contributed to cause the accident and injuries complained of by plaintiff here." The court deferred passing on the motion and submitted the case to the jury together with certain specific interrogatories. Further reference will be made to the instructions and interrogatories submitted during the course of this opinion. The plaintiff made no objections to the instructions as given and saved no exceptions thereto.

The jury returned a verdict in favor of the plaintiff for $7,100.00. Thereafter the defendant moved for judgment notwithstanding the verdict on the grounds (1) that the evidence does not establish facts sufficient to sustain a verdict for the plaintiff; (2) that plaintiff has no cause of action against the defendant for breach of implied warranty for the reason that she was not the buyer of the jar described in the complaint and there was no privity of contract between her and the defendant; (3) that the evidence is insufficient to sustain or warrant a finding that said jar was not reasonably fit for its intended purpose; (4) that the evidence is insufficient to sustain or war-

rant finding that the fracture of said jar originated at a point of, or was due to, any defect or weakness therein; (5) that the evidence is insufficient to sustain or warrant a finding that any defect or weakness in said jar, which rendered it unfit for its intended purpose, was the proximate cause of the injuries of which plaintiff complains; and (6) that the court erred in charging the jury that plaintiff is entitled to recover damages for defendant's breach of implied warranty even though her negligence proximately contributed to cause such damages.

This motion was sustained by the court and judgment was entered dismissing plaintiff's action on the merits. In passing upon the motion for judgment notwithstanding the verdict the court prepared a carefully considered opinion setting forth its views as to the applicable law which opinion is embodied in the printed record.

Plaintiff seeks reversal on substantially the following grounds: (1) Reliance was proven although not essential; (2) Warranties extend to the food container; and (3) Privity of contract between the parties is not essential to recovery.

The issues must be determined under the laws of Minnesota. Minnesota has adopted the so-called Uniform Sales Act, M.S.A. § 512.01 et seq. The provisions of that act pertinent to the question of implied warranties are as follows:

"512.15 Implied warranties of quality and fitness. Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty

that the goods shall be reasonably fit for such purpose.

"(2) Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality. * * *

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

In answer to a special interrogatory submitted by the court the jury found that the purchaser, Mary Ward, relied on the skill and judgment of defendant that the glass jar of applesauce was reasonably fit for the purpose for which it was intended. The court in passing on the motion for judgment notwithstanding the verdict found that this special finding was without support in the evidence. There was no dispute in the evidence touching this question. Plaintiff's sister, Miss Ward, was the purchaser and she without advice or assistance selected this jar of Mott's applesauce from the shelf of this self-service store. Speaking of this situation the trial court said:

"The evidence showed that Miss Ward herself made the decision to purchase Mott's applesauce rather than another brand and selected that brand from the shelf without any advice from the defendant or its agents."

In the circumstances disclosed by the undisputed evidence we think there was no implied warranty of fitness. Iron Fireman Coal Stoker Co. v. Brown, 182 Minn. 399, 234 N.W. 685; Central Warehouse Lumber Co. v. Redlinger & Hanson Co., 193 Minn. 42, 257 N.W. 656; De Witt v. Itasca-Mantrap Co-op. Elec. Ass'n, 215 Minn. 551, 10 N.W.2d 715; American Player Piano Co. v. American Pneumatic Action Co., 172 Iowa 139, 154 N.W. 389; Conkling v. Standard Oil Co., 138 Iowa 596, 116 N.W. 822; Ryan v. Progressive Grocery Stores, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339; Maryland Cas. Co.

v. Independent Metal Products Co., 8 Cir., 203 F.2d 838; 2 Mecham on Sales, Sec. 1347. There was no evidence that the buyer in the instant case relied upon the representation, skill or judgment of the seller and in fact she had no communication with the seller until after she had selected the merchandise as reasonably fit for the purposes for which she desired it. The defendant was not a manufacturer nor a producer of the merchandise. There is no claim that it had any knowledge of any defect in the jar nor that the defect might have been discovered by it by the exercise of ordinary care. In fact the jury in answer to a special interrogatory found that the defendant was guilty of no negligence so that to find it liable here is in effect to make it an insurer of fitness.

Touching the prerequisites to the right to invoke an implied warranty of fitness the Supreme Court of Minnesota in Iron Fireman Coal Stoker Co. v. Brown, supra, among other things, said:

"The spirit and intent of subdivision 4 of the statute is that the seller is not held to an implied warranty because the buyer gets the distinct thing selected by him, an exact article, for which he bargains. So, acting upon his own desires, he takes his own chances as to the fitness of the article and should not be permitted to complain of the seller who has supplied him with the very thing he sought. B. F. Sturtevant Co. v. LeMars Gas Co., 188 Iowa 584, 176 N.W. 338. In such cases it is not important that the buyer discloses to the seller his intentions as to the use of the article. * * * Or, to state it another way, if the thing is itself specifically selected and ordered, the buyer takes upon himself the risk of its effecting the desired purpose. Under such circumstances, the law does not impose an implied warranty; nor should it."

In De Witt v. Itasca-Mantrap Co-op. Elec. Ass'n, supra, the Supreme Court of Minnesota again had occasion to consider the contention that the seller was liable under an implied warranty of fitness. In rejecting this contention the court, among other things, said [215 Minn. 551, 10 N.W.2d 720]:

"The contract clearly evidences the fact that the association did not at any time rely upon plaintiff's skill or judgment in connection with the material sold thereunder. On the contrary, it and the administrator of the REA relied solely on their own judgment and experience."

In 2 Mecham on Sales, Sec. 1347, the applicable rule is stated as follows:

"The implied warranty of fitness is not to be extended to cases which lack the necessary conditions upon which it depends. The essence of the rule is that the contract is executory; that the particular article is not designated by the buyer; that only his need is known; that he does not undertake or is not able to determine what best supplies his needs, and therefore necessarily leaves the seller to make the determination and take the risk; and if these elements are wanting, the rule does not apply."

In the instant case the goods purchased by Miss Ward were put up by the manufacturer in original, sealed packages. She knew as much about the sealed package as did the defendant. Each had the same opportunity of examination and inspection. She asked no questions about the package and was given no advice or information relative thereto by the defendant. In such circumstances it comports better with justice, it seems to us, to hold that there was no implied warranty of fitness. The merchandise was primarily food and it is doubtful whether in any event an implied warranty would include the glass jar which of course was not intended for consumption. Crandall v. Stop & Shop, Inc., 288 Ill.App. 543, 6 N.E.2d 685; Poplar v. Hochschild, Kohn & Co., 180 Md. 389, 24 A.2d 783.

It is argued that there was an implied warranty of merchantability and that the plaintiff though a stranger to

the contract is entitled to maintain an action ex contractu against the defendant, a dealer and not a producer. We are of the view that a stranger to the contract of purchase cannot maintain an action against a dealer for breach of an implied warranty. While the warranty is implied by law it nevertheless becomes a part of the contract. The only action that a stranger to the contract can maintain against a dealer must be an action ex delicto. MacPherson v. Buick Motor Car Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696; Krahn v. J. L. Owens Co., 125 Minn. 33, 145 N.W. 626, 51 L.R.A., N.S., 650; Goar v. Village of Stephen, 157 Minn. 228, 196 N.W. 171; Wright v. Holland Furnace Co., Inc., 186 Minn. 265, 243 N.W. 387; Conner v. Great Atlantic & Pacific Tea Co., D.C.Mo., 25 F. Supp. 855. In any event the implied warranty of merchantability is by the Uniform Sales Act limited to those cases in which the goods are bought by description. In the instant case the purchaser cannot be said to have bought by description. As we have before noted, she walked into this self-service store and without let or hindrance from the dealer or anyone else chose the article she desired. These facts and circumstances cannot be construed to be a purchase by description. Carson v. Baillie, 19 Pa. 375; Wetherill v. Neilson, 20 Pa. 448. It should further be noted relative to this contention that it was not sharply brought to the attention of the trial court. That question was not submitted to the jury by any instruction. The plaintiff requested no instruction on that issue and took no exception to the instructions given which wholly omitted any reference to an implied warranty of merchantability. In passing upon the motion for judgment notwithstanding the verdict the court prepared a very carefully considered opinion yet no reference whatever is made in that opinion to the contention now urged. It is elementary that except under very exceptional circumstances a reversal of a judgment may not be had upon grounds not presented to nor passed upon by the trial court. Albers Milling Co. v. Farmers Produce Co., 8 Cir., 222 F.2d 915; Sisco v. McNutt, 8 Cir., 209 F.2d 550; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976; Frieze v. West American Ins. Co., 8 Cir., 190 F.2d 381. It is true that plain error may be recognized where the public interest is involved or where not to do so would result in a manifest miscarriage of justice. As plaintiff did not obtain from the trial court a ruling on this question it is manifest on the record before us that the question was not sharply called to the attention of that court.

The judgment appealed from is therefore affirmed.