## AUTOMATIC WELDING MACHINE CO. v. LAUER & ASSOCIATES, INC.

## LAUER & ASSOCIATES, INC., v. BRUNSWICK-BALKE-COLLENDER CO.

1. APPEAL AND ERROR — NONJURY CASE — CONSTRUCTION OF MACHINERY—FINDINGS OF COURT—PREPONDERANCE OF EVIDENCE.

Finding of trial court in nonjury action for amount due for constructing machine for buyer that it had not relied on the seller's skill or judgment, but that, on the contrary, the buyer had given the seller specifications and had thereafter approved the seller's working drawings before the machine was constructed was not against the clear preponderance of the evidence.

2. SALES—IMPLIED WARRANTY—MACHINE BUILT TO SPECIFICATIONS FURNISHED BY BUYER—RELIANCE ON SELLER'S SKILL.

There was no implied warranty that machine built by seller to specifications furnished by buyer which also approved the seller's working drawings of the fixture before the machine was constructed would be suitable for the buyer's purposes, since it does not appear that the buyer had relied upon the seller's skill and judgment after making known to the seller the purpose for which the machine was required (CL 1948, § 440.15).

3. SAME—ADDITIONS AFTER DELIVERY.

The seller of machine, built to specifications of buyer, was not entitled to more than the amount due under the express contract for changes and additions to the machine after delivery of the machine to the buyer, where record shows such changes and additions were made for the purpose of making the machine satisfactory to the buyer (CL 1948, § 440.15).

Appeal from Oakland; Hartrick (George B.), J. Submitted October 5, 1956. (Docket Nos. 48, 49,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 900.
[2] 46 Am Jur, Sales §§ 349, 351.

Calendar Nos. 46,974, 46,975.) Decided December 6, 1956.

Case by Automatic Welding Machine Co., a Michigan corporation, against Lauer & Associates, Inc., a Michigan corporation, defendant, and Brunswick-Balke-Collender Co., a Delaware corporation, garnishee defendant, for special-purpose machine constructed for latter. Similar action by Lauer & Associates, Inc., against Brunswick-Balke-Collender Co. Cases consolidated for trial and appeal. Judgment for plaintiffs in both actions. Defendant appeals. Lauer & Associates, Inc., in its action as plaintiff cross-appeals. Affirmed.

*George H. Goldstone,* for plaintiff Automatic Welding Machine Co.

*Martin Ewald* and *John Morth,* for plaintiff and defendant Lauer & Associates, Inc.

*Lewis Daniels* and *James M. Wienner,* for defendant Brunswick-Balke-Collender Co.

DETHMERS, C. J. Automatic Welding Machine Company, hereinafter called Automatic, constructed a piece of machinery for Lauer & Associates, Inc., hereinafter called Lauer, which Lauer, in turn, had contracted to design, build and deliver to the Brunswick-Balke-Collender Company, hereinafter called Brunswick. Automatic sued Lauer for the amount due it for construction of the machine, naming Brunswick garnishee defendant. Lauer then sued Brunswick for the balance allegedly due it on the contract for said machine. The cases were consolidated for trial and on appeal. Lauer does not appeal from judgment against it in favor of Automatic. Brunswick defended in both suits on the ground of breach of an implied warranty that the machine was reason-

ably fit for the purpose for which it was required by Brunswick. From judgments against it Brunswick appeals. Lauer cross-appeals because of the trial court's failure to find for it also on its *quantum meruit* count for changes and additions to the machine made by Lauer after delivery to Brunswick.

Brunswick quotes from CL 1948, § 440.15 (Stat Ann § 19.255), the following:

"Sec. 15. Implied warranties of quality. Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

Following the language of the statute, Brunswick says that it had made known to Lauer the particular purpose for which it required the machine and that it had relied on Lauer's skill or judgment to manufacture or deliver a machine suitable for that purpose. Lauer admits that the purpose to be served by the machine was made known to it, but denies that Brunswick relied on Lauer's skill or judgment. In effect, the trial court found, as a matter of fact, that Brunswick had not relied on Lauer's skill or judgment, that, on the contrary, Brunswick's chief design engineer drew a sketch of the machine for Lauer and gave it specifications which required construction within the latitude of the ideas embraced, and that Brunswick thereafter approved Lauer's working drawings of the fixture before the machine was constructed. Essentially, the question on appeal is

whether that finding of fact is against the clear preponderance of the evidence.

Lauer's president testified that Lauer was requested by Brunswick to design a post-drill machine; that Lauer drew a design, which is an exhibit in the case; that the design was rejected by Brunswick because of prohibitive cost factors; that a Brunswick engineer then sketched on the corner of said exhibit his concept of the machine, as appears on the exhibit, and gave verbal specifications and instructions for its construction and that, on that basis, Brunswick gave Lauer a purchase order; that in accord therewith Lauer prepared and sent Brunswick a complete set of working drawings of the machine, covering details, and Brunswick paid Lauer $1,826.44 for them. No objections to the drawings were made by Brunswick. Thereafter the machine was constructed accordingly. A witness who, during the period in question, had been one of Brunswick's engineers corroborated the testimony of Lauer's president that a Brunswick engineer drew the sketch and gave the specifications and directions for construction of the machine.

Brunswick insists that what its engineer did amounted to no more than informing Lauer as to what kind of machine it required. In this connection it cites *Dunn Road Machinery Co.* v. *Charlevoix Abstract & Engineering Co.,* 247 Mich 398 (64 ALR 947), in which an implied warranty was found to exist even though the purchaser of a piece of road-finishing machinery had specified that it must be for 16-inch by 18-foot finishing work on concrete pavement and pass specifications of the Michigan State highway department. At most, the purchaser's conduct in *Dunn* amounted to advising the seller of the purpose for which the machine was required and scarcely parallels the facts as found by the court in the case at bar that the purchaser gave specifications

and directions and a sketch of the machine. Brunswick also relies on *Cox-James Co.* v. *Haskelite Manfg. Corp.*, 255 Mich 192, 194. There the Court found:

"Defendant made no plan but merely indicated what it desired to have accomplished, leaving the details of the means to be employed entirely to the judgment and discretion of plaintiff."

Such are not the facts as found by the court in the instant case.

Automatic and Lauer cite *Gill & Co.* v. *National Gaslight Co.*, 172 Mich 295; *F. M. Sibley Lumber Co.* v. *Schultz*, 297 Mich 206; and *Salzman* v. *Maldaver*, 315 Mich 403 (168 ALR 381), for the proposition that no warranty will be implied under the statute or otherwise when the buyer furnishes the specifications to be followed in the manufacture of the article to be purchased and undertakes to determine what will best supply his needs. Examination of the testimony and mentioned exhibit satisfies us that the evidence does not clearly preponderate against the trial court's finding of fact. Application of the previous holdings of this Court thereto requires affirmance of the holding that there was no implied warranty.

With respect to Lauer's cross-appeal, it is evident from the record that what it did after delivery of the machine to Brunswick was done for the purpose of making the machine satisfactory to its customer without expectation of additional payment therefor. Judgment for Lauer beyond the amount of the balance due it on the express contract is not warranted.

Affirmed, with costs to Automatic.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., did not sit.